IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PMX JEWELS LIMITED<br>1204 Concordia Plaza, Greenfield Tower<br>1 Science Museum Road, TST<br>Kowloon, Hong Kong 999077<br><br>           Plaintiff,<br>   v.<br><br>RUVANNI INC.<br>601 Sylvania Road<br>Exton, PA 19341<br><br>       and<br><br>RUTH BARRETT<br>601 Sylvania Road<br>Exton, PA 19341<br><br>       and<br><br>VANCOUIER BARRETT<br>601 Sylvania Road<br>Exton, PA 19341<br><br>           Defendants. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, PMX Jewels Limited ("PMX"), a company legally incorporated in Hong Kong, hereby brings the instant Complaint against Defendants Ruvanni, Inc. ("Ruvanni"), Mrs. Ruth Barrett ("Ruth Barrett") and Mr. Vancouier Barrett ("Van Barrett") (collectively, "Defendants") alleging, *inter alia*, breach of contract and fraud.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the instant complaint pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants reside in, transact business in and have sufficient minimum contacts with the Eastern District of Pennsylvania so as to subject them to personal jurisdiction.

## PARTIES

3. Plaintiff PMX is a company formed and legally incorporated in Hong Kong in 2013 that maintains its principal place of business at 1204 Concordia Plaza, Greenfield Tower, 1 Science Museum Road, TST, Kowloon, Hong Kong 999077. Plaintiff PMX is a subsidiary of PMX Holdings (HK) Ltd.

4. Defendant Ruvanni, upon information and belief, is a company incorporated in the state of Pennsylvania with its principal of business at 601 Sylvania Road, Exton, PA 19341.

5. Defendant Ruth Barrett, upon information and belief, resides at 601 Sylvania Road, Exton, PA 19341.

6. Upon information and belief, at all times relevant to this Complaint, Defendant Ruth Barrett was and continues to be the Owner and President of Ruvanni, Inc.

7. Upon information and belief, at all times relevant to this Complaint, Defendant Ruth Barrett had such a unity of interest and ownership in Ruvanni, Inc. that the separate personalities of Defendant Ruth Barrett and Defendant Ruvanni did not exist.

8. Defendant Van Barrett, upon information and belief, resides at 601 Sylvania Road, Exton, PA 19341.

9. Upon information and belief, at all times relevant to this Complaint, Defendant Van Barrett was and continues to be the husband of Defendant Ruth Barrett and performed work for Ruvanni, Inc.

## FACTS

10. At all times relevant to this Complaint, PMX was engaged in the business of trading in rough diamonds.

11. Upon information and belief, at all times relevant to this Complaint, Defendant Ruvanni proclaimed to sell loose diamonds and precious stones at discounted prices by buying diamonds in large quantities.

12. On or about late August 29, 2013, Phillip DuToit, CEO of PMX and acting on behalf of PMX, met with Defendants at 601 Sylvania Road, Exton, PA after Defendant Ruth Barrett expressed interest in buying rough diamonds from PMX. Mr. DuToit was introduced to Defendants through a third party.

13. During this visit, Defendants Ruvanni and Ruth Barrett agreed to purchase a parcel of rough diamonds labeled JMI/GGDO-4076 from PMX for a purchase price of $208,617.00.

14. The rough diamonds, which are controlled through the Kimberley Process Certification Scheme (KPCS), has a Kimberly Certificate of #004076.

15. Defendants Ruvanni and Ruth Barrett's promise to pay was reduced to writing.

16. In exchange for the agreement to pay for the diamonds, Mr. DuToit gave the entire parcel to Defendants on August 29, 2013.

3

17. Despite the agreement to pay $208,617.00 on August 30th, Defendants Ruvanni and Ruth Barrett failed to pay for the diamonds.

18. On or about September 16, 2013, Mr. DuToit returned to 601 Sylvania Road, Exton, PA to discuss payment for the diamonds.

19. During this visit, Defendants Ruvanni and Ruth Barrett entered into a new contract with PMX ("Contract") to pay $208,000.00 for the diamond parcel JMI/GGDO-4076, with separate payments of $104,000.00 due on September 18th and 25th.

20. The contract is signed by Defendant Ruth Barrett as "President of Ruvanni Inc" and by PMX (via stamp). (*See* Exhibit A.)

21. Defendants Ruvanni and Ruth Barrett failed to make the $104,000.00 payment on September 18th.

22. On September 19, 2013, Mr. DuToit and Scott Choi, PMX Chief Operating Officer, returned to Defendant Ruth Barrett's home to discuss payment.

23. During this visit, Defendants Ruth Barrett and Van Barrett made several assurances to PMX that the contract would be fulfilled.

24. During this visit, Defendants Ruvanni and Ruth Barrett paid PMX $10,000.00 in cash as a partial payment on the Contract.

25. During this visit, Defendants Ruvanni and Ruth Barrett agreed, in writing, to pay PMX Jewels Limited (a PMX subsidiary) $15,000.00 as a partial payment on the Contract by September 20, 2013 and to pay the balance of the Contract ($183,000.00) by September 27, 2013. (*See* Exhibit B.)

26. Defendants Ruvanni and Ruth Barrett made the $15,000.00 partial payment but never paid the $183,000.00 balance.

4

27. Defendants made repeated misrepresentations to PMX to prevent PMX from demanding the return of the diamonds including the following:

    a) Defendants Ruth Barrett and Van Barrett represented that they had completed the sale of a condo to pay for the diamonds;

    b) Defendant Ruth Barrett represented that she had secured credit from a bank to pay for the diamonds; and

    c) Defendants Ruvanni and Ruth Barrett promised to make a partial payment of $8,000.00 in exchange for additional time to make full payment.

28. On several occasions, PMX demanded that Defendants Ruvanni and Ruth Barrett fulfill their contractual obligations and make full payment for the diamonds.

29. PMX also demanded that Defendants Ruvanni and Ruth Barrett return the diamonds for failure to make the full payment for the diamonds.

30. Defendants Ruvanni and Ruth Barrett never made the full payment for the diamonds, nor did they return the diamonds to PMX.

## CLAIMS

### Count I – Breach of Contract
### (PMX v. Defendants Ruvanni and Ruth Barrett)

31. Plaintiff incorporates and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendants Ruvanni and Ruth Barrett entered into the Contract with PMX that is attached hereto as Exhibit A.

33. Pursuant to the Contract, Defendants Ruvanni and Ruth Barrett agreed to pay PMX $208,000.00 for Parcel #JMI/GGDO-4076 and PMX delivered Parcel #JMI/GGDO-4076 to Defendants Ruvanni and Ruth Barrett.

5

34. PMX performed all conditions precedent, if any, required under the Contract.

35. Defendants Ruvanni and Ruth Barrett, despite being given Parcel #JMI/GGDO-4076, have failed to tender to PMX the $183,000.00 due under the Contract.

36. Such failure on the part of Defendants Ruvanni and Ruth Barrett constitutes a breach of contract.

37. As a result of Defendants' breach of the Contract, PMX has been damaged and continues to be damaged in an amount exceeding $150,000 exclusive of interest and costs.

### Count II – Unjust Enrichment
### (PMX v. Defendants Ruvanni and Ruth Barrett)

38. Plaintiff incorporates and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. Further, Defendants Ruvanni and Ruth Barrett retained Parcel #JMI/GGDO-4076 and have had use of the diamonds.

40. If the trier of fact determines that either the Contract is not an express contract that governs the rights of PMX and the Defendants Ruvanni and Ruth Barrett, or that the Contract does not govern each of the subject matters upon which PMX seeks to recover damages, an agreement nevertheless exists between the parties and Defendant Ruvanni and Ruth Barrett's retention and use of Parcel #JMI/GGDO-4076 constitutes unjust enrichment of Defendants Ruvanni and Ruth Barrett at PMX's expense.

41. As a result of Defendants Ruvanni and Ruth Barrett's retention and use of Parcel #JMI/GGDO-4076, PMX has been damaged and continues to be damaged in an amount exceeding $150,000 exclusive of interest and costs.

### Count III – Conversion
### (PMX v. Defendants Ruvanni and Ruth Barrett)

42. Plaintiff incorporates and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. Defendants Ruvanni and Ruth Barrett have retained and refuse to tender to PMX Parcel #JMI/GGDO-4076, which is due and owed to PMX, despite due demand.

44. By retaining and refusing to tender Parcel #JMI/GGDO-4076, Defendants Ruvanni and Ruth Barrett have acted inconsistently with PMX's ownership of the diamonds.

45. By acting inconsistently with PMX's ownership of the diamonds, Defendants Ruvanni and Ruth Barrett have converted the property of PMX.

46. As a result of Defendants Ruvanni and Ruth Barrett's conversion of PMX's property, PMX has been damaged and continues to be damaged in an amount exceeding $150,000 exclusive of interest and costs.

### Count IV – Anticipatory Breach
### (PMX v. Defendants Ruvanni and Ruth Barrett)

47. Plaintiff incorporates and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. Defendants Ruvanni and Ruth Barrett, despite due demand, have refused to tender to PMX $183,000.00 due and owing to PMX pursuant to the terms of the Contract.

49. Defendants Ruvanni and Ruth Barrett's refusal to tender $183,000.00, or any partial payments, to PMX despite due demand is an absolute and unequivocal refusal to perform under the Contract.

50. Defendants Ruvanni and Ruth Barrett's absolute and unequivocal refusal to perform constitutes an anticipatory breach of the Contract.

51. As a result of Defendants Ruvanni and Ruth Barrett's anticipatory breach of the Contract, PMX has been damaged and continues to be damaged in an amount exceeding $150,000 exclusive of interest and costs.

### Count V – Fraudulent Misrepresentation
### (PMX v. All Defendants)

52. Plaintiff incorporates and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. After the Contract was formed, Defendants made repeated material representations to PMX including:

   a) Defendants Ruth Barrett and Van Barrett represented that they had completed the sale of a condo to pay for the diamonds;

   b) Defendant Ruth Barrett represented that she had secured credit from a bank to pay for the diamonds; and

   c) Defendants Ruvanni and Ruth Barrett promised to make a partial payment of $8,000.00 in exchange for additional time to make full payment.

54. The representations made to PMX were false and Defendants knew they were false when the representations were made.

55. Defendants made the representations with the intent of misleading PMX into relying on them.

56. PMX justifiably relied on the representations to its detriment.

57. For example, as a result of the representations, PMX delayed its demand for a return of the diamonds and thus missed opportunities to sell the diamonds to other merchants.

58. As a result of the representations, PMX has been damaged and continues to be damaged in an amount exceeding $150,000 exclusive of interest and costs.

8

## RELIEF

WHEREAS, for the reasons alleged in paragraphs 1 through 58, PMX has been damaged and continues to be damaged in an amount exceeding $150,000 exclusive of interest and costs, Plaintiff respectfully requests:

i. a declaratory judgment determining that Defendants Ruvanni and Ruth Barrett are in default and have breached the Contract;

ii. a declaratory judgment determining that Defendants Ruvanni and Ruth Barrett have anticipatorily breached the Contract;

iii. that judgment be entered against Defendants in an amount to be determined at trial, but in no event less than $183,000 exclusive of interest and costs;

iv. that Defendants be ordered to pay for all costs incurred in the collection of the amounts due under the terms of the Contract, including reasonable attorney's fees if applicable; and

v. any further relief as justice may require including but not limited to compensatory and punitive damages.

Respectfully Submitted,

**ROSS LEGAL PRACTICE, LLC**

BY: _____
Riley H. Ross III, Esq. (PA Bar No. 204676)
1800 JFK Blvd. Suite 1500
Philadelphia, PA 19103
(215) 587-7177 (office)
(215) 765-2251 (fax)
rileyross@rosslegalpractice.com

Date: January 14, 2014