IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PMX JEWELS LIMITED<br><br>       v.<br><br>RUVANNI INC., et al. | CIVIL ACTION<br><br>NO. 14-243 |
|---|---|

**Baylson, J.**                                                                                               **April 30, 2014**

Plaintiff/Counterclaim Defendant moves to dismiss Defendants'/Counterclaim Plaintiffs' counterclaim for unjust enrichment related to a contract for the sale of uncut diamonds.

## I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff, PMX Jewels Limited, is a Hong Kong corporation that engages in the trade of uncut diamonds. Defendants are Ruvanni Inc., Ruth Barrett and Vancouier Barrett, the sole owners of Ruvanni. Plaintiff alleges that on August 29, 2013 Plaintiff entered into an agreement to sell with Defendants a quantity of rough diamonds for $208,617, and Plaintiff supplied Defendants with the diamonds on that date. After renegotiating the payment dates into two separate installments, Plaintiff alleges that Defendants paid the first two installments totaling $25,000, but failed to make the final payment, and owed $183,000 on the contract.

In their counterclaim, Defendants allege they did not express a desire to buy the diamonds. Instead, Defendants allege they agreed to sell Plaintiff's diamonds on consignment and that Plaintiff orally agreed to give the diamonds to Barrett on consignment to try to find a buyer. Plaintiff instructed Defendants to sell the stones for the best offer, which was $55,532. Defendants paid Plaintiff a total of $25,000 from the proceeds of the sale.

On January 14, 2014, Plaintiff brought claims against Defendants for breach of contract, unjust enrichment, conversion, anticipatory breach and fraudulent misrepresentation. (ECF No.1). Defendants filed a counterclaim with their answer on March 7, 2014, asserting unjust

1

enrichment if Plaintiff recovered the amount sought in its litigation. (ECF No. 6). Plaintiffs move to dismiss the counterclaim for failure to state a claim. (ECF No. 11).

## II. THE PARTIES' ARGUMENTS

Defendants argue that if Plaintiff recovers more than $20,352 in their litigation, Plaintiff will be unjustly enriched by the time and expertise Defendants used to secure a third party buyer for the diamonds. Defendants contend the most Plaintiff could recover is $20,352: the $55,532 Defendants received from the consignment sale, minus $25,000 Defendants paid to Plaintiff. Plaintiff argues Defendants cannot state a claim for unjust enrichment for future hypothetical benefits. Defendants dispute the applicability of the cases Plaintiff cited in support of their contention.

## III. JURISDICTION

The Court has jurisdiction over PMX's complaint under 28 U.S.C. § 1332(a)(1). PMX is a resident of Hong Kong. (ECF No. 1 at ¶3). Ruvanni Inc. and the Barretts are residents of Pennsylvania. (ECF No. 1 at ¶¶4 & 5). The amount in controversy exceeds $75,000. (ECF No. 1) Venue is appropriate under 28 U.S.C. § 1391(a).

## IV. ANALYSIS

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) "expounded the pleading standard for 'all civil actions.'" 556 U.S. at 684.

To state a claim for unjust enrichment under Pennsylvania law, a party must plead "(1) benefits conferred on defendants by plaintiffs; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." Durst v. Milroy General Contracting, 52 A.3d 357, 360 (Pa. Super. Ct. 2012); Sovereign Bank v. BJ's Wholesale Club, 533 F.3d 162, 180 (3d Cir. 2008) (same).

"To sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." Torchia on Behalf of Torchia v. Torchia, 499 A.2d 581, 582 (Pa. 1985) (internal quotations omitted); Meehan v. Cheltenham Twp., A.2d 593, 595 (Pa. 1963) (holding a party "must demonstrate that appellee has in fact *been benefitted*") (emphasis added).

A similar claim of unjust enrichment based on an anticipated judgment was brought by a third party plaintiff in Scaramuzza v. Sciolla, No. 04-CV-1270, 2004 WL 2063062, at *3 (E.D. Pa. Sept. 14, 2004). This Court held that the third-party plaintiff did not sufficiently allege the defendant was enriched, because "no benefit has been conferred as of yet on the third-party defendants." Id. at *5 ("It would be impossible to fashion an appropriate remedy in this case, where no benefit has yet been conferred, and, should Scaramuzza fail to prove his case, no benefit ever will be conferred."); see also Chevron Corp v. Donzinger, 871 F.Supp.2d 229, 260

3

(S.D.N.Y. 2012) (denying a claim for unjust enrichment that was dependent on the undetermined outcome of another case).

Other courts have consistently found future benefits cannot be the basis of an unjust enrichment claim.  See, e.g., Trianco, LLC v. Int'l Bus. Machines Corp., 583 F. Supp. 2d 649, 655 (E.D. Pa. 2008) aff'd, 347 F. App'x 808 (3d Cir. 2009) ("[O]ne cannot allow a party to recover under unjust enrichment for the performance promised in order to secure the 'hoped-for' contract and future negotiations."); Bouriez v. Carnegie Mellon Univ., No. 02-2104, 2005 WL 3006831, at *12 (W.D. Pa. Nov. 9, 2005) (rejecting an argument based on the potential future benefit that a party may receive because "to establish an unjust enrichment claim, it must be shown that [a] benefit has already been conferred"); Axel Johnson, Inc. v. Arthur Anderson & Co., 830 F.Supp. 204, 211-12 (S.D.N.Y. 1993) ("No cause of action for unjust enrichment lies in hypothetical future liabilities."); Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp., 955 F. Supp. 441, 460 (D.V.I. 1997) ("[N]o claim of unjust enrichment lies for 'hypothetical future liabilities.'") (quoting Axel, 830 F.Supp. at 212).

Defendants' counterclaim relies on speculation that Plaintiff will receive a future benefit if it is successful in its litigation.  It is clear that a potential future benefit is insufficient to satisfy the first element of an unjust enrichment claim.  Therefore, Defendants' counterclaim does not state a claim for unjust enrichment.

### IV.    CONCLUSION

Defendants cannot state claim for unjust enrichment based on the judgment sought on Plaintiff's claims.  For this reason, Plaintiff's motion to dismiss shall be granted.  Defendants shall have fourteen days from the date of this Order to file any other counterclaims against Plaintiff.

O:\CIVIL 14\14-243 pmx jewels v. ruvanni\14cv243.mtd.memo.docx